**OWEN LUMBER & MILLWORK, INC., Plaintiff–Appellant,**

v.

**NATIONAL EQUITY CORPORATION, Gregg P. Huggins, Michelle W. Huggins, National Mortgage Company, Delta Title Company, Cordova Bank & Trust Company, and David F. Leake, Trustee, Defendants–Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Aug. 16, 1996.

Application for Permission to Appeal Denied Jan. 6, 1997.

Albert G. McLean, McLean & Stark, Memphis, for Plaintiff–Appellant.

Alex C. Elder of Bourland, Heflin, Alvarez, Holley & Minor, Memphis, for Defendants–Appellees.

CRAWFORD, Presiding Judge, Western Section.

This appeal involves a suit to enforce a materialmen's lien. Plaintiff, Owen Lumber and Millwork, Inc., appeals from the order of the chancery court which granted defendants, Gregg P. Huggins, Michelle W. Huggins, National Mortgage Co., and Delta Title

Company, Trustee,[1] summary judgment, and which denied its motion for summary judgment.

The material facts are not in dispute. National Equity Corporation is a general contractor and homebuilder in the Memphis and Shelby County area. In October, 1992, National Equity acquired title to the following described property:

Lot 83, Walnut Run Subdivision, First Addition, Phase 7, as shown on plat of record in Plat Book 138, Page 97, in the Register's Office of Shelby County, Tennessee, to which plat reference is hereby made for a more particular description, being part of the property acquired by National Equity Corporation by Warranty Deed of record at Instrument No. DC–9768, Register's Office of Shelby County, Tennessee. Said property has a street address of 8514 Shingle Oaks Drive, Cordova, Tennessee 38018.

National Equity began construction of a single family dwelling on the property which was and is now designated as 8514 Shingle Oaks Drive, Cordova, Tennessee, 38018. For the period of time beginning in February, 1993, and ending April 23, 1993, the plaintiff furnished lumber and other building materials to National Equity for use in the construction of said dwelling. National Equity completed the construction of this dwelling on a date no earlier than August 27, 1993, and the Shelby County Department of Code Enforcement finally approved the construction under the building permit on September 9, 1993.

At the time the construction was completed, National Equity owed plaintiff for the lumber and building materials furnished for the construction of the dwelling, plus service charges, the sum of $12,098.13.

By warranty deed dated September 22, 1993, and recorded on September 23, 1993, at 12:23 p.m., in the Shelby County Register's Office, National Equity Corporation conveyed the above-described property to Gregg P. Huggins and wife, Michelle W. Huggins. Mr. and Mrs. Huggins then executed the deed of trust conveying the subject property to Delta Title Company as trustee for National Mortgage Company.

On September 23, 1993, at 3:59 p.m., approximately three and one-half hours after the recording of the warranty deed from National Equity to Mr. and Mrs. Huggins, plaintiff recorded a notice of mechanics' and materialmen's lien in the Shelby County Register's Office claiming a lien for the balance due of $12,098.13.

On November 17, 1993, plaintiff filed the complaint in the instant case for enforcement of its lien rights. After an answer was filed, both defendants and plaintiff moved for summary judgment. The trial court denied plaintiff's motion for summary judgment and granted summary judgment to the defendants. Plaintiff has appealed and the only issue on appeal is whether the trial court erred in granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment.

A material supplier has no right to a lien except as provided by statute, and the statute must be strictly construed. *See Nanz v. Cumberland Gap Park Co.*, 103 Tenn. 299, 52 S.W. 999 (1899).

Defendants contend that plaintiff had no lien or right of lien at the time it filed the notice of mechanics' and materialmen's lien in the register's office. They assert that when plaintiff's notice was filed, the warranty deed from National Equity to Mr. and Mrs. Huggins had been recorded and that pursuant to the provisions of T.C.A. § 66–11–146(a)(1)(2), any lien rights that plaintiff had were cut off. T.C.A. § 66–11–146(a)(1), (2) states:

**66–11–146. Residential real property—Right of lien.**—(a)(1) As used in this subsection, "residential real property" means a building consisting of one (1) dwelling unit in which the owner of the real property intends to reside or resides as the owner's principal place of residence, including improvements to or on the parcel of prop-

---

1. In addition to the defendants-appellees, the suit named National Equity Corporation, Cordova Bank and Trust Company, and David F. Leake, Trustee, as defendants. The suit was dismissed as to defendants, Cordova Bank and Leake, and plaintiff was awarded a money judgment against National Equity. The judgment against National Equity is not involved in this appeal.

erty where such residential building is located, and also means a building consisting of two (2), three (3) or four (4) dwelling units where the owner of the real property intends to reside or resides in one (1) of the units as the owner's principal place of residence, including improvements to or on the parcel of property where such residential building is located.

(2) Notwithstanding any other provision of law to the contrary, except as provided in subsection (b), on individual contracts to improve residential real property, a lien or right of lien upon such property shall exist only in favor of the general contractor who enters into such contract with the owner of such property or the owner's agent. No lien, except the general contractor's lien, shall exist upon such property under such contract in favor of a subcontractor, materialman, mechanic, laborer, founder, machinist, or any other person who does the work or any part of the work, or furnishes the materials or any part of the materials, or puts thereon any fixtures, machinery or materials, ordered by or through such persons.

Defendants' reliance on T.C.A. § 66–11–146(a)(1)(2) is misplaced. T.C.A. § 66–11–146(b)(1)(2) is, along with other pertinent mechanics' and materialmen's lien statutes, controlling. T.C.A. § 66–11–146(b)(1)(2) provides:

(b)(1) As used in this subsection, "residential real property" means improvements to or on a parcel of property upon which a building is constructed or is to be construed consisting of one (1) dwelling unit intended as the principal place of residence of a person or family.

(2) When the owner of residential real property and the general contractor are one and the same person, or such an individual controls entities owning such property and general contracting business, on individual contracts to improve residential real property, a lien or right of lien upon such property shall exist only in favor of the general contractor, subcontractors of the general contractor, and suppliers who contract with the general contractor. No lien in favor of the subcontractor or such

suppliers shall exist on such real property from and after the date the general contractor pays the subcontractor or supplier for services performed or material delivered by that supplier or subcontractor. No lien, except as provided in this subsection, shall exist upon such property under such contract in favor of a materialman, mechanic, laborer, founder, machinist or any other person who does the work or any part of the work, or furnishes the materials or any part of the materials, or puts thereon any fixtures, machinery or materials, ordered by or through such persons.

In the case before us, it is uncontroverted that when plaintiff sold the materials to National Equity, National Equity was the owner of the residential real property as defined in (b)(1) and was also the general contractor and builder of the improvements on the property. T.C.A. § 66–11–146(b)(2) specifically establishes a lien in favor of the supplier who contracts with the general contractor who is also the owner. Plaintiff's lien rights became fixed when the supplies were delivered to the premises since the lien rights are established from the "date of visible commencement of operation." T.C.A. § 66–11–104 (1993). Plaintiff in the case before us filed the notice of lien within ninety days after completion of the structure and thus preserved its lien pursuant to the provisions of T.C.A. § 66–11–112 (1993). Having properly filed the notice of lien within the ninety day period, plaintiff's lien has precedence over conveyances made within ninety days after the date of completion. T.C.A. § 66–11–117 (1993).

The lien statutes must be construed together. To give the statutes the construction proposed by defendants would negate the protection the statutes intended to provide. Defendants argue that upon completion the owner/contractor can eradicate all mechanic's and materialmen's liens by conveying the property. This is simply not the case. Although we believe the lien statutes referred to above make it quite clear that defendants' assertion is misguided, the legislature's passage of T.C.A. § 66–11–143, removed any doubt that might have existed. T.C.A. § 66–

11–143, as pertinent to the discussion of the issues before us, provides:

**66–11–143. Protection from unregistered liens**—Notice of completion after improvements—Expiration of certain lien rights.—(a) In order to be protected from lien claims which have not previously been registered as provided in §§ 66–11–111, 66–11–112, and 66–11–117, the owner or purchaser of improved real property may, upon completion of the improvement or the demolition thereof, register in the office of the register of deeds in the county where the real property or any affected part thereof is located a notice of completion, or the owner or purchaser may require a person or organization with whom the owner or purchaser has contracted for the improvements or demotion to do so upon completion of the structure or improvement or demolition.

\*   \*   \*   \*   \*   \*

(d)(1) Any person claiming a lien for labor or materials upon the property described in the notice of completion who has not previously registered such person's contract as provided in § 66–11–111 or registered a sworn statement as provided in § 66–11–112 or § 66–11–117 shall send by registered or certified mail written notice addressed to the person, firm or organization and at the address designated in the notice of completion for receiving notice of claims, stating the amount of the claim and certifying that the claim does not include any amount owed to the claimant on any other job or under other contract.

The statute makes it quite clear that an unregistered lien is valid as to subsequent purchasers of the property if the requirements of the various statutes are met and provides an expedited procedure to protect innocent purchasers. Since defendants did not avail themselves of the protection afforded by T.C.A. § 66–11–143, they are not in a position to complain. They knew they were purchasing new construction, and that the seller was not only the owner of the property but was also the builder of the improvements on the property. When the purchasers chose to purchase the property within ninety days of completion and the mortgagee chose to lend money for the purchase of the property when none of them availed themselves of the protection afforded by T.C.A. § 66–11–143, they acted at their peril. It is clear from the applicable statutes that plaintiff had a lien and took the proper steps as required by the statutes to protect and enforce the lien.

Accordingly, the order of the trial court granting summary judgment to defendants is vacated, and summary judgment is granted to plaintiff. The case is remanded to the trial court for entry of an appropriate order establishing the amount of the lien and for the sale of the property to enforce the lien. Costs of this appeal are assessed against the appellees.

HIGHERS and LILLARD, JJ., concur.