# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 6, 2009 Session

## E. W. STEWART LUMBER CO., D/B/A STEWART BUILDER SUPPLY v. MEREDITH CLARK & ASSOCIATES, LLC AND LEROY DODD

### Appeal from the Chancery Court for Montgomery County
### No. MC-CH-CV-RE-08-40    Laurence M. McMillan, Chancellor

### No. M2009-01089-COA-R3-CV - Filed January 28, 2010

Supplier of building materials filed materialman's lien on property after contractor failed to pay for materials provided for building a house on the property. On cross motions for summary judgment, the trial court struck down liens the supplier had filed against the subject property and dismissed the supplier's action; supplier appeals. Finding error, we reverse and remand to the trial court for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

David M. Smythe, Nashville, Tennessee, for the appellant, E. W. Stewart Lumber Co., Inc., d/b/a Stewart Builder Supply.

Michael K. Williamson, Clarksville, Tennessee, for the appellee, Meredith Clark & Associates, LLC.

Leroy B. Dodd, Clarksville, Tennessee, Pro Se.

The sole issue in this appeal is whether the real property involved was "residential real property" and, thus, immune from the attachment of a materialman's lien. The Appellee, LeRoy Dodd, owns ten acres of land located at 1085 Meriwether Road in Clarksville, Tennessee. Mr. Dodd purchased the land in 1975, and subsequently built a house on the property in which he continues to reside. In March 2008, Mr. Dodd determined to subdivide the property into two five acre tracts and hired Billy Ray Suiter to survey the land and plot the tracts. Using the survey, Mr. Dodd recorded a deed quitclaiming the westerly five acres to himself. The new address for the westerly five acres was 1095 Meriwether Road.

Around this time, Mr. Dodd contracted with Bill Mace d/b/a Bill's Construction ("Mace") to construct a single family dwelling on the newly created westerly five acres in which Mr. Dodd's son and grandchildren would live; Mace secured a building permit for the home on April 28. In May, June and July, the Appellant, Stewart Lumber Co., Inc. d/b/a Stewart Builder Supply ("Stewart"), sold lumber and related building materials to Mace for use in constructing the home. The last date Stewart supplied materials to Mace for the improvements on Mr. Dodd's property was July 11. On July 17, Mace filed a petition for bankruptcy. On July 22, Stewart sent a notice of non-payment by certified mail to Mace and Mr. Dodd for unpaid invoices from June and July in the amount of $19,153.35.[2] On July 24, Stewart filed a notice of materialmen's lien with the Montgomery County Register of Deeds for the unpaid balance owed for materials supplied to Mace for use in improving Mr. Dodd's property.

On October 17, Stewart filed a Verified Complaint to Enforce Liens for Materials pursuant to Tenn. Code Ann. § 66-11-101 *et seq*. to enforce seven liens.[3] Mr. Dodd filed a

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The unpaid balances for materials supplied during June and July were $18,954.27 and $199.08, respectively.

[3] Stewart supplied materials to Mace for the construction of seven residential properties, including Mr. Dodd's, for which it filed notices of non-payment and notices of lien. Prior to trial, Stewart reached agreement with five of the seven property owners and was in negotiation with the sixth, Meredith Clark &
(continued...)

Motion to Dismiss and/or Motion for Judgment on the Pleadings pursuant to T.R.C.P. 12.02(1), (6) and 12.03. At a hearing on January 9, 2009, the trial court converted Mr. Dodd's motion to a motion for summary judgment and granted Stewart's request for additional time for discovery and to file a response. On March 5, Stewart filed a cross-motion for summary judgment. In support of its motion, Stewart relied on the affidavits of Mr. Dodd and Todd Galbraith, Stewart's Chief Financial Officer; the sworn discovery responses of Mr. Dodd; and Stewart's Rule 56.03 Concise Statement Material Facts Not in Dispute. Following a hearing, the trial court entered an order on May 13, denying Stewart's cross-motion for summary judgment and granting Mr. Dodd's motion dismissing the case and striking any liens Stewart had filed against Mr. Dodd's property.[4]

Stewart appeals, contending that the trial court erred in denying its motion and granting Mr. Dodd's. Specifically, Stewart contends that Mr. Dodd is not entitled to the protections afforded by Tenn. Code Ann. § 66-11-146 because the single family dwelling that Mr. Dodd hired Mace to build does not meet the definition of "residential real property" provided by the statute.

This case was resolved in the trial court upon cross motions for summary judgment. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). Summary judgment is appropriate if no genuine issues of material fact exist, and the movant meets its burden of proving that it is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.03; *Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). There being no material facts in dispute, the only question is which movant is entitled to judgment as a matter of law.

Tenn. Code Ann. § 66-11-146(a) immunizes owners of "residential real property" from the lien of a remote furnisher or supplier of materials.[5] Tenn. Code Ann. § 66-11-146(a)(2). The statute defines "residential real property" for purposes of subsection (a) as

---

[3](...continued)
Associates, the other named defendant in the case. This appeal only involves the lien attached to Mr. Dodd's property.

[4] The trial court's order stated that its action was based on "reasons stated in open court," but the record does not contain a transcript of the proceedings.

[5] Tenn. Code Ann. § 66-11-146(b) provides that when the owner of the residential real property and the general contractor are one and the same person, a lien may only exist in favor of the lienors in contractual privity with the owner/general contractor. Subsection (b), including its definition of "residential real property," which is different from the definition provided in subsection (a), is inapplicable to this case because the owner of the property and contractor were not the same person.

"a building consisting of one (1) dwelling unit in which the owner of the real property intends to reside or resides as the owner's principal place of residence, including improvements to or on the parcel of property where the residential building is located...." Tenn. Code Ann. § 66-11-146(a)(1).[6]

Stewart contends that Mr. Dodd cannot claim immunity from its lien under Tenn. Code Ann. § 66-11-146 because the home Mace constructed for Mr. Dodd does not meet the definition of "residential real property." Stewart relies on Mr. Dodd's responses to Stewart's discovery requests wherein Mr. Dodd admitted (1) that he hired a surveyor to prepare a survey of the property; (2) the survey showed the then existing home of Mr. Dodd to be located on the easterly five acre tract; and (3) subsequently, Mr. Dodd recorded a deed that conveyed the new westerly five acre tract to himself. Stewart also relies on Mr. Dodd's admission that he hired Mace to construct a single family home at 1095 Meriwether Road for his son and grandchildren to live in and that the newly constructed home was not connected to or adjoining his existing residence. Stewart contends that, because the home Mace was hired to construct is not Mr. Dodd's principal place of residence, it cannot be "residential real property" under the statute. Moreover, Stewart contends, the home cannot be considered an improvement to "residential real property" under the statute because it is not located on the same parcel as Mr. Dodd's existing residence.

Mr. Dodd asserts that Tenn. Code Ann. § 66-11-146(b)(2) prohibited Stewart from placing a lien against Mr. Dodd's property because there was no direct contractual privity between Mr. Dodd and Stewart. Following Stewart's response to Mr. Dodd's motion, Mr. Dodd filed an affidavit in which he asserted that the two five acre lots he owns "are part of a single parcel of real property" and that the house Mace constructed constitutes an "improvement[] to or on the parcel of property where [his] residential building is located." Mr. Dodd's affidavit further stated that "Since this house was built on Affiant's property, Affiant owns the houses, and Affiant resides on the property and has total access to said property, the property is protected under [Tenn. Code Ann. § 66-11-146]."[7]

---

[6] "Residential real property" may also be "a building consisting of two (2), three (3) or four (4) dwelling units where the owner of the real property intends to reside or resides in one (1) of the units as the owner's principal place of residence...." Tenn. Code Ann. § 66-11-146(a)(2). This definition is inapplicable as there is no dispute that the home constructed by Mace was a single family dwelling not connected to the existing residential structure on the easterly five acre tract of land.

[7] Due to health and financial reasons, Mr. Dodd did not file a brief in response to this appeal or attend oral arguments; consequently, we rely on the record and Mr. Dodd's pleadings filed with the trial court for his arguments.

By enacting Tenn. Code Ann. § 66-11-146, the legislature sought to protect property owners from the unscrupulous practices of residential building and repair contractors who performed the work, collected their money, and then disappeared without paying their material suppliers. *See Martin Door & Window Co., Inc. v. Donegan*, No. M2001-01230-COA-R3-CV, 2002 WL 1298800, at *4 (Tenn. Ct. App. Jun. 13, 2002). When the material suppliers were not paid, they invoked their rights under Tenn. Code Ann. § 66-11-102 to place a lien on the homeowner's property, which understandably upset homeowners because they had already paid for the work and were required to pay again to have the lien removed. *Id*.

We are confronted with an unfortunate set of facts in this case as Mr. Dodd is the type of property owner the statute was designed to protect. Mr. Dodd is an elderly man who used his recently deceased wife's life savings to build a home for his son and grandchildren on property he owned near his residence in accordance with his wife's wishes. While Mr. Dodd asserts that he paid Mace in full for the construction of the home, Mace did not pay Stewart for the supplies it used to build the house either before or after it filed for bankruptcy.[8] Because of the unique facts of this case, however, Mr. Dodd will not receive the protections the statute intended.

Tenn. Code Ann. § 66-11-146 is not ambiguous and we are bound to enforce the statute as written. In order to be considered "residential real property" under the statute and, thus, be immune from the lien of a remote supplier, the construction of the home that Mr. Dodd financed must have been either for the intended use as Mr. Dodd's residence or on the same parcel of property on which Mr. Dodd's principal residence was located. The record clearly shows that Mr. Dodd's residence is located at 1085 Meriwether Road and that he did not intend to use the home built at 1095 Meriwether Road as his principal residence. While the record does not indicate why Mr. Dodd subdivided the original ten acres into two separate five acre lots rather than construct the home on the tract as it was, the fact remains that he subdivided the property. It is of no significance that both parcels are owned by Mr. Dodd; the two lots are no longer the same parcel of property. Consequently, the home Mr. Dodd hired Mace to build on the new lot cannot be considered an improvement to the property on which Mr. Dodd's residence is located as required by Tenn. Code Ann. § 66-11-146(a)(1).

---

[8] In an email that Mr. Dodd wrote to the Montgomery County Chancery Court Clerk, Mr. Dodd explained that "[t]wo hours after Bill Mace was granted bankruptcy, I paid the final payment of thirty thousand dollars. At his request, I made the check out to T.E.A.M. trucking co. . . . I did not know or have any contact with this company. At a later time, I learned the trucking company belonged to Bill Mace. It would appear he diverted the money away from his bankrupt company, in order to keep it."

Since Mr. Dodd cannot claim immunity under Tenn. Code Ann. § 66-11-146(a)(2), Stewart may attach a lien to his property if it can prove that it has met the requirements of Tenn. Code Ann. § 66-11-101 *et seq. See e.g.*, Tenn. Code Ann. § 66-11-115; *see also Owen Lumber & Millwork, Inc. v. National Equity Corp.*, 940 S.W.2d 66, 67 (Tenn. Ct. App. 1996) ("A material supplier has no right to a lien except as provided by statute, and the statute must be strictly construed.").  The record does not indicate whether or to what extent the trial court considered Stewart's compliance with the statutory requirements for attachment of a remote lien against Mr. Dodd's property located at 1095 Meriwether Road except insofar as the question of the classification of Mr. Dodd's property as "residential real property" under Tenn. Code Ann. § 66-11-146.  In fact, Stewart's Cross-Motion for Summary Judgment fails to address the issue of Stewart's statutory compliance.  Consequently, we reverse the judgment of the trial court and remand the case for a determination of whether Stewart satisfied the requirements set forth at Tenn. Code Ann. § 66-11-101 *et seq.* such that it is entitled to a lien on Mr. Dodd's property as a remote contractor.

**Conclusion**

For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings in accordance with the opinion of this court.

Costs of the appeal are assessed to LeRoy Dodd.

_____
RICHARD H. DINKINS, JUDGE